11-3250-cv
*Boghossian v. Hudson Meridian Constr. Grp., LLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

PRESENT:
>JOSÉ A. CABRANES,
>PETER W. HALL,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

---

George M. Boghossian,

>*Plaintiff-Appellant*,

>v.                                                                            11-3250-cv

Hudson Meridian Construction Group, LLC,
any present or former parent corporations,
affiliates, subsidiaries, division, joint
ventures, partners, successors and assigned
officers and Directors or agents thereof,

>*Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | George M. Boghossian, *pro se*, Hackensack, NJ. |
| **FOR DEFENDANT-APPELLEE:** | Eric Charles Stuart, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Morristown, NJ. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant George M. Boghossian ("Boghossian"), proceeding *pro se*, appeals from the June 21, 2011 judgment of the District Court granting summary judgment in favor of defendant-appellee Hudson Meridian Construction Group, LLC and dismissing his claims of employment discrimination and intentional and negligent infliction of emotional distress. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* the district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party." *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

On appeal, Boghossian fails to raise any arguments with regard to his emotional distress claims, and he has therefore abandoned any such arguments. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). As to the remainder of his claims, after an independent review of the record and relevant case law, we affirm, substantially for the same reasons stated by the District Court in its order dated June 17, 2011.

We have considered Boghossian's arguments on appeal and find each of them to be without merit. For the foregoing reasons, the June 21, 2011 judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk